UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Grand Jury N-12-2-14

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. |
| | : | |
| | : | VIOLATIONS: |
| v. | : | |
| | : | 18 U.S.C. § 1347 (Health Care Fraud) |
| | : | 18 U.S.C. § 1035 (False Statement Relating |
| SAMIR ZAKY | : | To A Health Care Matter) |
| | : | 18 U.S.C. § 2 (Aiding and Abetting) |

INDICTMENT

The Grand Jury charges:

COUNTS ONE THROUGH FOURTEEN
(Health Care Fraud)

1. Defendant SAMIR ZAKY ("ZAKY") was a podiatrist licensed to practice by the State of Connecticut.

2. At all times relevant to this Indictment, the Medicare program ("Medicare") was a federal health care benefit program as defined in Title 18, United States Code, Section 24(b), which provided health insurance coverage for health care benefits, items, and services provided to Medicare beneficiaries. Medicare is administered by the Centers for Medicare and Medicaid Services, a component of the United States Department of Health and Human Services.

3. ZAKY was a participating provider in the Medicare program.

4. ZAKY practiced under the name of Affiliated Podiatrists, LLC. ZAKY was the only principal of and the only agent for Affiliated Podiatrists, LLC.

5. Beginning in approximately August 2010, the exact date being unknown to the Grand Jury, and continuing to approximately July 2011, in the District of Connecticut and elsewhere,

ZAKY devised a scheme and artifice to defraud Medicare by submitting and causing to be submitted to Medicare claims for payment for a surgical procedure known as a partial or complete avulsion of a single nail plate (CPT Code 11730), which ZAKY purported to have rendered to Medicare beneficiaries. In fact, ZAKY had performed only routine foot care, such as clipping of toe nails, for the beneficiaries, and had not performed a partial or complete avulsion. By submitting claims for avulsions, ZAKY obtained and attempted to obtain money to which he was not entitled.

6. On or about the dates set forth below, in the District of Connecticut and elsewhere, ZAKY knowingly and willfully executed and attempted to execute the scheme and artifice to defraud Medicare in connection with the delivery of and payment for health care benefits, items, and services, that is, ZAKY submitted and caused to be submitted to Medicare materially false claims for a partial or complete avulsion of a single nail plate, a surgical procedure, when as ZAKY well and truly knew, he had not in fact performed an avulsion for the Medicare beneficiaries listed below on the indicated date of service:

| COUNT | Patient Initials | Date of Service | CPT Code/ Digit | | Date Claim Submitted | Claim Number | Date Claim Paid |
|---|---|---|---|---|---|---|---|
| 1 | M.P. | 8/6/2010 | 11730 | T5 | 8/10/2010 | 0210222359320 | 8/23/2010 |
| 2 | R.T. | 8/6/2010 | 11730 | TA | 8/10/2010 | 0210222359360 | 8/23/2010 |
| 3 | E.M. | 8/11/2010 | 11730 | T5 | 8/12/2010 | 0210224420760 | 8/25/2010 |
| 4 | J.C. | 8/16/2010 | 11730 | TA | 8/18/2010 | 0210230400220 | 8/31/2010 |
| 5 | M.B. | 8/18/2010 | 11730 | T5 | 8/23/2010 | 0210235423580 | 9/3/2010 |
| 6 | G.D. | 8/18/2010 | 11730 | T5 | 8/23/2010 | 0210235423630 | 9/3/2010 |
| 7 | J.B. | 6/27/2011 | 11730 | T5 | 6/30/2011 | 0211181324640 | 7/14/2011 |

| 8  | N.S. | 6/28/2011 | 11730 | TA | 6/30/2011 | 0211181324810 | 7/14/2011 |
| 9  | J.W. | 6/28/2011 | 11730 | T5 | 6/30/2011 | 0211181324830 | 7/14/2011 |
| 10 | H.W. | 7/5/2011  | 11730 | T5 | 7/6/2011  | 0211187262510 | 7/20/2011 |
| 11 | S.R. | 7/6/2011  | 11730 | T5 | 7/8/2011  | 0211189411880 | 7/22/2011 |
| 12 | D.T. | 7/13/2011 | 11730 | TA | 7/18/2011 | 0211199448400 | 8/1/2011  |
| 13 | A.A. | 7/14/2011 | 11730 | T5 | 7/18/2011 | 0211199448150 | 8/1/2011  |
| 14 | F.E. | 7/18/2011 | 11730 | T5 | 7/20/2011 | 0211201344380 | 8/3/2011  |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS 15 THROUGH 28
(False Statements Relating to Health Care Matters)

7. The allegations in paragraphs 1 through 5 are realleged and incorporated by reference as though fully stated herein.

8. On or about the dates set forth below, in the District of Connecticut and elsewhere, ZAKY knowingly and willfully made and caused to be made materially false, fictitious, and fraudulent statements and representations in connection with the delivery of and payment for health care benefits, items, and services involving Medicare, that is, ZAKY made and caused to be made statements and representations to Medicare that ZAKY had rendered a podiatric surgical procedure known as a partial or complete avulsion of a single nail plate for the Medicare beneficiaries indicated below, when as ZAKY well and truly knew, he had in fact not performed an avulsion:

| COUNT | Patient Initials | Date of Service | CPT Code/ Digit | | Date Claim Submitted | Claim Number | Date Claim Paid |
|---|---|---|---|---|---|---|---|
| 15 | M.P. | 8/6/2010 | 11730 | T5 | 8/10/2010 | 0210222359320 | 8/23/2010 |
| 16 | R.T. | 8/6/2010 | 11730 | TA | 8/10/2010 | 0210222359360 | 8/23/2010 |
| 17 | E.M. | 8/11/2010 | 11730 | T5 | 8/12/2010 | 0210224420760 | 8/25/2010 |
| 18 | J.C. | 8/16/2010 | 11730 | TA | 8/18/2010 | 0210230400220 | 8/31/2010 |
| 19 | M.B. | 8/18/2010 | 11730 | T5 | 8/23/2010 | 0210235423580 | 9/3/2010 |
| 20 | G.D. | 8/18/2010 | 11730 | T5 | 8/23/2010 | 0210235423630 | 9/3/2010 |
| 21 | J.B. | 6/27/2011 | 11730 | T5 | 6/30/2011 | 0211181324640 | 7/14/2011 |
| 22 | N.S. | 6/28/2011 | 11730 | TA | 6/30/2011 | 0211181324810 | 7/14/2011 |
| 23 | J.W. | 6/28/2011 | 11730 | T5 | 6/30/2011 | 0211181324830 | 7/14/2011 |
| 24 | H.W. | 7/5/2011 | 11730 | T5 | 7/6/2011 | 0211187262510 | 7/20/2011 |
| 25 | S.R. | 7/6/2011 | 11730 | T5 | 7/8/2011 | 0211189411880 | 7/22/2011 |
| 26 | D.T. | 7/13/2011 | 11730 | TA | 7/18/2011 | 0211199448400 | 8/1/2011 |
| 27 | A.A. | 7/14/2011 | 11730 | T5 | 7/18/2011 | 0211199448150 | 8/1/2011 |
| 28 | F.E. | 7/18/2011 | 11730 | T5 | 7/20/2011 | 0211201344380 | 8/3/2011 |

All in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

FORFEITURE ALLEGATION UNDER 28 U.S.C. § 2461(c) AND 18 U.S.C. § 982(a)(7)

9. The allegations contained in Counts 1 through 28 are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(7).

10. Upon conviction of the offenses of Title 18, United States Code, Section 1347, and Title 18, United States Code, Section 1035(a)(2), set forth in Counts 1 through 28 of this Indictment, ZAKY shall forfeit to the United States of America, pursuant to Title 18, United

4

States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

    (a)    $29,340 in United States currency, seized by government agents on August 26, 2010 at 1 High Ridge Road, Brookfield, Connecticut.

    (b)    A sum of money equal to the total amount of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to violations of the Federal health care fraud offenses set forth in this Indictment.

11. If any of the property described above, as a result of any act or omission of ZAKY:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

/s/

FOREPERSON

UNITED STATES OF AMERICA

_____
DAVID B. FEIN
UNITED STATES ATTORNEY

_____
DAVID J. SHELDON
ASSISTANT UNITED STATES ATTORNEY